**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**


JAVARIOUS ROEBUCK,

         Petitioner,

        VS.

                              NO. 3:14-CV-71 (CAR)

SCOTT CRICKMAR,

        Respondent.             **O R D E R**

---

      *Pro se* Petitioner **JAVARIOUS ROEBUCK** filed the instant habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1).   It was unclear in the petition whether Petitioner had exhausted his state court remedies.   This Court therefore ordered Petitioner to supplement his petition to indicate whether he had satisfied the exhaustion requirement (Doc. 5).

      In compliance with the Court's Order, Petitioner submitted a response (Doc. 8) and a copy of a July 18, 2014 Order from a Superior Court Judge denying Petitioner's "Ineffective Assistance of Counsel Petition" (Doc. 8, attachment 1).   In his response, Petitioner states that in addition to said Petition, he has filed motions to modify, for transcripts, and for an out-of-time appeal, all of which are apparently still pending.

      Under Rule 4 of the Rules Governing Section 2254 Cases, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

district court….” It plainly appears from the petition that Petitioner is not now entitled to relief in

this Court.

As discussed in the Court's prior Order, a state prisoner is required to "exhaust available

state judicial remedies before a federal court will entertain his petition for habeas corpus."

***Picard v. Connor***, 404 U.S. 270, 275 (1971).   The Eleventh Circuit Court of Appeals held as

follows regarding what a state prisoner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full
> opportunity to resolve any constitutional issues by invoking one complete round of
> the State's established appellate review process."   That is, to properly exhaust a
> claim, the petitioner must "fairly present[]" every issue raised in his federal petition
> to the state's highest court, either on direct appeal or on collateral review [*i.e.*,
> pursuant to a state habeas corpus action, O.C.G.A. § 9-14-1(a)].

***Mason v. Allen***, 605 F.3d 1114, 1119 (11th Cir. 2010) (citations omitted); ***see also O'Sullivan v.***

***Boerckel***, 526 U.S. 838, 845 (1999).   "If a petitioner fails to exhaust state remedies, the district

court should dismiss the petition without prejudice to allow exhaustion." ***Isaac v. Augusta SMP***

***Warden***, 470 F. App'x 816, 818 (11th Cir. 2012) (citation omitted).

It is clear that Petitioner has not presented his claim to the "state's highest court, either on

direct appeal or on collateral review."   ***Mason***, 605 F.3d at 1119.   Instead, Petitioner has

merely filed four post-conviction motions, none of which satisfy the exhaustion requirement.

Even if Petitioner's motion for an out-of-time appeal is denied, he may file a state habeas corpus

action.   If Petitioner receives an adverse result from that petition, exhaustion further requires that

he file an application for a certificate of probable cause to appeal with the Georgia Supreme Court.

***See Pope v. Rich***, 358 F.3d 852, 854 (11th Cir. 2004) (per curiam).   Until Petitioner completes

this process, his federal habeas petition is premature.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.** Petitioner may refile his federal habeas petition once he has exhausted his state court remedies.

Reasonable jurists could not find that such dismissal is debatable or wrong; Petitioner is thus also **DENIED** a Certificate of Appealability.   Finally, because Petitioner is not entitled to a COA, he is not entitled to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 10th day of September, 2014.


S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr

3